WARD *v.* STATE.

4382                                         186 S. W. 2d 950

Opinion delivered April 23, 1945.

*W. R. Morrow,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. The charge was that Luther Ward assaulted fifteen-year-old Anna Louise Kuehnert with intent to kill. The jury's verdict of guilty was followed by judgment that the defendant serve five years in prison. His appeal is an argument that malice, willfulness, forethought, and an intent to kill were not shown by substantial evidence. Pope's Digest, § 2961.

Luther M. Kuehnert lived with his wife, Bessie, in North Little Rock. Jack Ward (the defendant's brother) had married, had been divorced by, and had remarried "Jerry"—Bessie's daughter by a marriage prior to her union with Kuehnert. The Ward brothers went to the Kuehnert home about midnight. Anna Louise, then in bed, was awakened by violent language used by her

father and Jack Ward. Kuehnert testified that Jack made threats as he entered the building and that Luther followed him in. Kuehnert directed Anna Louise to "call the law," and in response she went to the telephone. She says that when she "looked up" Luther's fist was coming at her, and "he hit me square in the mouth." Additional testimony was that appellant grabbed the telephone, and with a jerk disconnected it, then threw the "bottom part" at Anna Louise and repeatedly struck her over the head "with the top"—[meaning, no doubt, the receiver]. In her fright, Anna Louise ran from the room and into the yard, but was followed by her assailant, who struck her across the ear and elsewhere. The girl was knocked down and "stomped—once on the leg and in the stomach." She didn't remember how many times she fell.

Anna Louise was taken to a hospital for treatment. She was given a hypodermic injection and then went home, but returned the following day for hospitalization and remained in the institution about a week. Blood was expectorated, which apparently came from the stomach. One ear was badly injured, and as late as the day before trial clots of blood were taken from it. Hearing was entirely destroyed in the affected ear. After returning from the hospital Anna Louise was in bed at home for about two weeks.

Other evidence substantiated the testimony of Anna Louise that she was violently assaulted and that serious injuries resulted. The jury seemingly believed her version and discounted appellant's explanation that he was drunk. Jack testified that he had paid a fine the previous week for "beating up" his wife.

Testimony given by Anna Louise as to acts and comments by appellant was sufficient to justify the jury in finding that the degree of intoxication was not such as to negative the State's charge that he willfully and feloniously assaulted his victim, and that death could have resulted. The law presumes that those who so conduct themselves intend the natural consequences of their acts.

604

Mr. Justice KNOX (*Davis* v. *State,* 206 Ark. 726, 177 S. W. 2d 190) said in an opinion written for this Court: "While the intent to kill cannot be implied as a matter of law, it may be inferred from facts and circumstances of the assault, such as the use of a deadly weapon in a manner indicating an intention to kill, or an act of violence which ordinarily would be calculated to produce death, or great bodily harm. In determining whether or not the intent to kill should be inferred, the trier of the facts may properly consider the character of the weapon employed and the way it was used, the manner of the assault and the violence attendant thereon; the nature, extent and location on the body of the wound inflicted, if any; the state of feeling existing between the parties at and anterior to the difficulty; statements of the defendant, if any; and all other facts and circumstances tending to reveal defendant's state of mind."

So, here, the jury had a right to conclude that the defendant, in displaying a vicious passion in aid of his brother's lawless conduct, and in utilizing a blunt instrument to enforce his will and vent his fury upon a defenseless fifteen-year-old girl, and in following her into the yard, knocking her down and kicking her while she was in a prostrate position,—in these circumstances the factfinders were warranted in believing the defendant intended to inflict such injury as might attend the force employed. There was serious bodily impairment which, but for medical treatment, might have resulted in death.

Affirmed.